UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Michael Alger

VS.

C.A. NO. 15-151

BAC Home Loan Servicing, LP, et al

## PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER

Now comes the Plaintiff, Michael Alger ("Plaintiff"), pursuant to Local Rule 9, and Rule 65 of the Federal Rules of Civil Procedure, and hereby request that this Honorable Court grant Plaintiff's Motion for Temporary Restraining Order to enjoin Defendant from proceeding with a subsequent sale of Plaintiff's property located at 123 West Allenton Rd., North Kingstown, RI 02852, the real estate agent solicited offers to purchase the property on May 21, 2015. Subsequent bidders were not notified that the lost out on the bidding or even that a decision to sell had been made. A closing of the property to a subsequent investor is scheduled for May 28, 2015. In support thereof, Plaintiff has filed the attached Memorandum.

Wherefore, Plaintiff respectfully requests that this Honorable Court grants his Motion for Temporary Restraining Order to prevent the mortgagee from selling the property on May 28, 2015.

Plaintiff

Michael Alger
123 West Allenton Rd.
Providence, RI 02852
(401) 480-5958

Dated: May 28, 2015

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Michael Alger

VS.                                                    C.A. NO. 15-151

BAC Home Loan Servicing, LP, et al

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER

Now comes the Plaintiff, Michael Alger ("Plaintiff"), pursuant to Local Rule 9,

and Rule 65 of the Federal Rules of Civil Procedure, and submit this memorandum in

support of his Motion for Temporary Restraining Order to enjoin Defendant from

proceeding with a subsequent sale of the property on May 29, 2015.

### Statement of Facts

Plaintiff is allegedly the former owner of the subject property and it is his

principal residence. On or about February 22, 2005, Plaintiff executed a note and

mortgage to Southstar Funding. Southstar Funding is the named Lender and Mortgage

Electronic Registration Systems, Inc was the alleged Mortgagee.

BAC Home Loans Servicing, LP received an illegal assignment from Mortgage

Electronic Registration Systems, Inc. The assignment is void pursuant to R.I.G.L.34-11-

1 as it was not duly executed by Mortgage Electronic Registration Systems,Inc. Similar

to *DiLibero v. Mortgage Electronic Registration Systems, Inc.* (No. 2013–190–Appeal.,

January 14, 2015, RI), MERS did not have authorization to transfer the mortgage.

Southstar Funding filed bankruptcy on or about April 11, 2007 as case number 2007-

65842. In the bankruptcy MERS was discharged as a secured creditor and the nominee relationship was never reaffirmed.

For the reasons above, Plaintiff has a likelihood of success on the merits as there in accordance with <u>Dilibero</u>, MERS had no authority to assign thereby voiding the foreclosure sale. Additionally the balancing of the equities is in favor of the Plaintiff as the property is to be sold for $102,000. Over two years ago at a foreclosure mediation, I offered to purchase the property for $100,000 and at the time was able to produce proof of funding/ cash deposit. There is a need to maintain the status quo as the Property is Plaintiff's principal residence and a subsequent sale would displace him.

Wherefore, Plaintiff respectfully requests that this Honorable Court grant its Motion for a Temporary Restraining Order enjoining Defendant from proceeding with the salle of Plaintiff's Property.

Plaintiff

Michael Alger
123 West Allenton Rd.
North Kingstown, RI 02852
(401) 480-5958

Dated: May 28, 2015

2