UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Michael Alger
    Plaintiff,

v.

BAC Home Loans Servicing, LP fka         Case No. CA15-151
Countrywide Home Loans Servicing, LP;
Mortgage Electronic Registration
Systems, Inc.; Randall S. McHugh,
Tracey L. Wolff; Michael Miele and
Does 1-100
    Defendants

## MEMORANDUM IN SUPPORT OF DEFENDANTS RANDALL S. MCHUGH AND TRACEY L. WOLFF'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2), 12(b)(3) AND 12(b)(5)

Pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3) and 12(b)(5), Defendants Randall S. McHugh and Tracey L. Wolff (collectively, "Defendants") move to dismiss Plaintiff Michael Alger's ("Plaintiff") Complaint in this action. As set forth in detail below, this Honorable Court does not have personal jurisdiction over Defendants as Defendants do not have the requisite minimum contacts with Rhode Island, did not avail themselves of the law of the state and personal jurisdiction under federal statute has not been properly established. Plaintiff has also failed to effect proper service on Defendants. As such, Defendants respectfully request that this Court dismiss all of the allegations of Plaintiff's Complaint as to Defendants.

## I.    BACKGROUND

The Docket Report for this case indicates that Plaintiff filed his pro se Complaint on April 16, 2015. (*See* Docket Report attached hereto as **Exhibit A.**) Summonses were issued as to Defendants on May 20, 2015. (*See* Docket Report attached hereto as **Exhibit A.**) On June 8, 2015, Plaintiff attempted service on Defendants by serving a copy of the Complaint on Bendett

& McHugh, PC[1] via its Rhode Island agent for service, Corporate Service Company. (*See* Proofs of Service attached hereto as **Exhibit B.**[2]) To date, neither Randall S. McHugh ("McHugh") nor Tracey L. Wolff ("Wolff") has been personally served with a Summons and Complaint in this matter. Plaintiff also has not filed affidavits of service indicating proper service has been effectuated upon Defendants individually as required by Fed. R. Civ. P, 4(l)(1).

The allegations of Plaintiff's Complaint claim that Plaintiff signed a Mortgage in favor of Southstar Funding, LLC. (*See* Plaintiff's Complaint at Docket Entry 1.) Plaintiff relies on a copy of the Mortgage dated September 22, 2005 which on its face names Mortgage Electronic Registration Systems, Inc. ("MERS") as the "Mortgagee" and Southstar Funding, LLC as "Lender". (*See* Plaintiff's Complaint at Docket Entry 1.)   The allegations of Plaintiff's Complaint which relate to conduct by Defendants arise *solely* out of the execution of the January 25, 2010 Assignment of Mortgage from MERS to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP recorded in Book 2455 at Page 243 of the North Kingstown Land Evidence Records (the "Assignment"). (*See* Plaintiff's Complaint at Docket Entry 1, ¶¶19-22, 29-33, 39-45 and 54-56; *See also* Assignment of Mortgage attached thereto as Exhibit 4.) The Complaint alleges that the Assignment was fraudulent because Defendant McHugh was not a certifying officer of MERS. (*See* Plaintiff's Complaint at Docket Entry 1, ¶40-41.) The face of the Assignment indicates that Defendant McHugh, in his capacity as Vice President of MERS, executed, and Defendant Wolff notarized, the Assignment in Connecticut and that the Assignment was later recorded in Rhode Island. (*See* Plaintiff's Complaint at Docket Entry 1, and Assignment of Mortgage attached thereto as Exhibit 4.) The paragraphs of

---

[1] Bendett & McHugh, PC is not a named defendant in this case.
[2] The  proofs of service incorrectly state that the server "served the summons on Bendett & McHugh Tracey Wolff, who is designated by law to accept service of process on behalf of Corporate Service Company….." ; and that the

Plaintiff's Complaint which relate to allegations of fraudulent foreclosure rely on the Assignment being defective and void for these reasons.

**II.      THIS COURT DOES NOT HAVE PERSONAL JURISDICATION OVER DEFENDANTS AND THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(2).**

Defendants McHugh and Wolff are not residents of Rhode Island and Plaintiff must establish that this Court has personal jurisdiction over them. Pursuant to Fed. R. Civ. P. 4(k)(1)(A), personal jurisdiction is established upon service of the summons on a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." A plaintiff bears the burden of proving the existence of personal jurisdiction. *U.S.S. Yachts, Inc. v. Ocean Yachts, Inc.*, 894 F.2d 9, 11 (1st Cir. 1990). "'[P]laintiff must go beyond the pleadings and make affirmative proof'" of jurisdictional facts. *Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671, 675 (1st Cir. 1992). The court "does not act as a factfinder; to the contrary, it ascertains only whether the facts duly proffered, fully credited, support the exercise of personal jurisdiction." *Rodriguez v. Fullerton Tires Corp.*, 115 F.3d 81, 84 (1st Cir. 1997). Here, Plaintiff has failed to establish that this Court has general or specific personal jurisdiction over Defendants.

**a.      This Court Does Not Have General Personal Jurisdiction Over Defendants.**

Rhode Island's long arm statute allows for general personal jurisdiction over those parties that "have the necessary minimum contacts with the state of Rhode Island..." *R.I. Gen. Laws* § 9-5-33. Rhode Island Courts have found that general personal jurisdiction exists where a party maintains "minimum contacts" with the state. *See Rose v. Firstar Bank*, 819 A.2d 1247, 1250

---

server "served the summons on Bendett & McHugh Randall, who is designated by law to accept service of process on behalf of Corporate Service Company."

(RI. 2003). To establish minimum contacts with the state, Rhode Island courts have looked to the "quality and quantity of the potential defendant's contacts" and whether such contacts were continuous, purposeful and systematic in nature. *See Rose*, 819 A.2d at 1251; (*see also Cassidy v. Lonquist Management Co., LLC*, 920 A.2d 228, 233 (RI 2007)(holding that lack of continuous and systematic contacts is indicative of a lack of minimum contacts on the basis of fundamental fairness and foreseeability)).

As to Defendant McHugh, as outlined above it has been alleged that he fraudulently executed the Assignment of Mortgage. McHugh executed the Assignment as Vice President of Mortgage Electronic Registration Systems, Inc. (*See* Plaintiff's Complaint at Docket Entry 1, ¶31(e); and Assignment of Mortgage attached thereto as Exhibit 4.) Plaintiff's Complaint only alleges that McHugh was not in fact a Vice President of MERS and did not have authority to sign the Assignment at issue in this case. Plaintiff has not adequately pled that Defendant McHugh engaged in any activity which would avail himself of the laws of the state beyond the mere execution of an assignment of mortgage not individually but solely in his capacity as Vice President of MERS. Pursuant to the Complaint and its exhibits, the assignment was further executed within the state of Connecticut and would only later be recorded in Rhode Island. Certainly the execution of *one single assignment of mortgage* affecting a property in Rhode Island, as alleged in Plaintiff's Complaint, cannot constitute *continuous* contact with the state such that Defendant McHugh can be found to have the requisite minimum contacts with Rhode Island. As such, Plaintiff has not met his burden of showing that Defendant McHugh engaged in systematic and continuous contacts sufficient to support general personal jurisdiction.

Defendant Wolff is also alleged to have engaged in fraudulent activity in the execution of the assignment of mortgage signed by Defendant McHugh. (*See* Plaintiff's Complaint at Docket

Entry 1, ¶40; and Assignment of Mortgage attached thereto as Exhibit 4.) The Assignment

attached to Plaintiff's Complaint as Exhibit 4, shows that Wolff served as a witness and

Connecticut Notary Public for the Assignment. Plaintiff's Complaint does not further specify

what role Wolff may have had with regard to the assignment at issue. The Complaint further fails

to set forth any facts which may show that Wolff had any contact whatsoever with the state of

Rhode Island. Plaintiff has thus also failed to meet his burden in proving that this Honorable

Court has general personal jurisdiction Defendant Wolff.

**b.      This Court Does Not Have Specific Personal Jurisdiction Over Defendants.**

In determining whether specific personal jurisdiction exists over a defendant, Rhode

Island Courts have held that the defendant must have performed "some act by which it

purposefully availed itself of the privilege of conducting activities within the forum state." *See*

*Cerberus Partners L.P. v. Gadsby & Hannah, LLP*, 836 A.2d 1113, 1119 (RI. 2003)(quoting

*Rose v. Firstar Bank*, 819 A.2d 1247, 1251 (RI. 2003)). To purposefully avail himself of the law

of Rhode Island, a defendant must have acted voluntarily and the conduct in question must have

been of such a nature that the defendant could foresee that as a result of such conduct they would

be subject to jurisdiction in Rhode Island. *See Cerberus*, 836 A.2d at 1120-21 (quoting *World-*

*Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Conduct which meets the

foreseeability requirement is that in which the defendant created continuing obligations between

themselves and the residents of the forum. *See Ceberus*, 836 A.2d at 1121 (quoting *Burger King*

*Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985) and holding that specific personal jurisdiction

did not exists over California law firm which represented numerous lenders including a Rhode

Island client, but did not perform legal activities within state beyond mailing invoices).

As previously argued, the Complaint only sets forth facts that Defendant McHugh executed the Assignment at issue as Vice President of Mortgage Electronic Registration Systems, Inc. (*See* Plaintiff's Complaint at Docket Entry 1, ¶31(e); and Assignment of Mortgage attached thereto as Exhibit 4.)   On the face of the Assignment, it is clear that McHugh's act of signing the Assignment was for the purpose of fulfilling obligations to Mortgage Electronic Registration Systems, Inc. in his capacity as its Vice President and not with the intention of creating obligations to any resident of Rhode Island. It is not reasonably foreseeable that by signing the Assignment in the state of Connecticut solely in his capacity as Vice President, McHugh would have opened himself individually to litigation filed in Rhode Island.

Defendant Wolff has already established that the Assignment attached to Plaintiff's Complaint as Exhibit 4, shows that she served only as a witness and Connecticut Notary Public for the Assignment. This single act does not support that Wolff intentionally created any obligation to Rhode Island residents outside of notarizing a Rhode Island assignment in Connecticut. Wolff could not have foreseen that by notarizing a document in Connecticut she would be availing herself to the laws of Rhode Island and litigation commenced in a foreign state.

Even if this Court found that the execution and notarization of the single Assignment in this case would give this court specific personal jurisdiction over Defendants, the Defendants would still need to be properly served pursuant to Fed. R. Civ. P. 4(k)(1)(A).

For the foregoing reasons, Plaintiff has failed to meet his burden of establishing specific personal jurisdiction as to Defendant McHugh.

### III.    EVEN IF THIS COURT FINDS THAT IT HAS PERSONAL JURISDICATION OVER DEFENDANTS, VENUE IS IMPROPER AND THE COMPLAINT SHOULD BE DIMISSED AS TO DEFENDANTS

**PURSUANT TO FED. R. CIV. P. 12(b)(3).**

In his Complaint, Plaintiff claims Defendants' execution and notarization of the Assignment support relief under Section 1961(3) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"). A RICO action, "may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C §1965(a).

Neither Defendant McHugh nor Defendant Wolff reside or has been found in Rhode Island and Plaintiff's Complaint does not claim that they have. The allegations of Plaintiff's Complaint further fail to establish that McHugh or Wolff transacted any business whatsoever in Rhode Island but rather bases its RICO claims on a single assignment of mortgage executed in Connecticut. Lastly, Plaintiff's Complaint fails to allege that Defendants individually have designated any agent or that such agent is located in Rhode Island. 18 U.S.C §1965(a).is very specific that the proper venue for a RICO action only exists where a defendant has a residence, presence, agent or his transacted his affairs. Plaintiff has failed to allege any facts which would support that any of these criteria are applicable to Defendants and therefore, venue is improper with this Court.

IV. **DEFENDANTS HAVE NOT BEEN PROPERLY SERVED WITH PLAINTIFF'S COMPLAINT AND THE COMPLAINT SHOULD BE DIMMISSED AS TO DEFENDANTS PURSUANT TO FED. R. CIV. P. 12(b)(5).**

Even if the Court found that Defendants would otherwise be subject to this Court's jurisdiction, this Honorable Court does not have personal jurisdiction over the Defendants because they were not served as required by Fed. R. Civ. P. 4(k)(1)(A).

Pursuant to Fed. R. Civ. P. 4(c) Plaintiff was required to serve a summons and a copy of the Complaint upon Defendants.  When a plaintiff in a contested action is pro se, the court

should continue to enforce the established rules of procedure. *See Shorrock v. Scott*, 944 A.2d 861, 863-64 (R.I. 2008)(affirming principle that pro se litigants must equally abide by significant and established rules of civil procedure).

Plaintiff attempted service on Defendants on June 8, 2015, by serving a copy of the Complaint on Bendett & McHugh, PC via its agent for service, Corporate Service Company. (*See* Returns of Service attached hereto as **Exhibit B**.) Fed. R. Civ. P. 4 does not allow for service on an individual to be made via the business by which he is or was employed. To date, neither Randall S. McHugh ("McHugh") nor Tracey L. Wolff ("Wolff") has been personally served with a Summons and Complaint in this matter. Plaintiff has also failed to file affidavits of service as to Defendants indicating that service has been properly effectuated on McHugh or Wolff individually as required by Fed. R. Civ. P. 4(l)(1) which service would be required for this court to obtain personal jurisdiction over the non-resident Defendants pursuant to Fed. R. Civ. P. 4(k)(1). As such, Plaintiff's Complaint must be dismissed for improper service.

## V.     CONCLUSION

For all of the reasons set forth above, this Honorable Court does not have personal jurisdiction over Defendants Randall S. McHugh and Tracey L. Wolff. As such, this Court must dismiss all allegations of Plaintiff's Complaint as to the Defendants.

Defendants,
Randall S. McHugh and Tracey L. Wolff,
By its Attorney,


/s/Eva M.Massimino

Eva M. Massimino, Esq./#8823
Bendett & McHugh, P.C.
270 Farmington Avenue, Ste. 151
Farmington, CT 06032
TEL: (860) 677-2868
FAX: (860) 409-0626
Email: emassimino@bmpc-law.com

Dated: June 29, 2015

## CERTIFICATE OF SERVICE

I, Eva M. Massimino, hereby certify that on June 29, 2015 a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to counsel of record and sent certified mail to:

Michael Alger
123 West Allenton Road
North Kingston, RI 02852

/s/Eva M. Massimino
Eva M. Massimino, Esq.